**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JENNIFER ANN HAWKINSON,

    Plaintiff,

v.                                    Case No. 3:18-cv-461-J-32MCR

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

    Defendant.

---

## **O R D E R**

The issue of whether an insurance bad faith claim, joined by amendment to the underlying coverage action, may be removed more than a year after the original action began has divided my colleagues, and the Eleventh Circuit has not weighed in. I must now take a side. The case is before the Court on Plaintiff Jennifer Ann Hawkinson's Motion to Remand (Doc. 6), to which Defendant State Farm Mutual Automobile Insurance Company filed a response (Doc. 7).[1]

---

[1] Brian Reynolds Peters is also named as a defendant in the Amended Complaint ("AC") (Doc. 2) filed in state court, but he is not a party to the removed bad faith action. (Doc. 1 at 2).

## I. BACKGROUND[2]

On April 24, 2012, nineteen year old Hawkinson was a passenger in a car when it was hit by Brian Peters, an uninsured motorist driving under the influence. (Doc. 2 ¶¶ 5-6). As a result of the accident, Hawkinson suffered severe and permanent injuries. (Id. ¶ 8).

Hawkinson claimed coverage under two State Farm automobile insurance policies: her own policy provided for $25,000 of uninsured motorist coverage benefits, and her parents' policy provided stackable uninsured motorist coverage limits of $250,000 per person and $500,000 per accident.[3] (Doc. 6 at 2). After State Farm denied her claim for uninsured motorist coverage under her parents' policy, on November 19, 2013, Hawkinson filed a two count Complaint against Peters, a Florida citizen, and State Farm in the Fourth Judicial Circuit Court, in and for Duval County, Florida, alleging negligence against Peters (Count I) and an uninsured motorist coverage claim under her parents' policy against State Farm (Count II). On December 11, 2013, she served a Civil Remedy Notice, which notified State Farm that by denying her claim, it was not acting fairly and honestly toward its insured. (Doc. 6-1). Once

---

[2] The Background has been taken primarily from the allegations in the AC (Doc. 2) and the factual background of the motion to remand (Doc. 6).

[3] Hawkinson was entitled to benefits under her parents' insurance as she was attending college on April 24, 2012. (Doc. 6 at 2 n.1).

State Farm failed to cure the notice in the sixty-day window, the prerequisite for Hawkinson's bad faith claim was established. (Doc. 6 at 3).

Following a bench trial on February 4, 2016, the state court found Hawkinson was an insured under her parents' policy. (Doc. 6-2). Further, on April 22, 2016, the court granted Hawkinson's amended motion for leave to file an amended complaint, which included a claim for punitive damages against Peters and a claim of bad faith against State Farm under Florida Statute § 624.155.[4] The AC was filed in state court on April 25, 2016.[5] (Doc. 2). State

---

[4] It appears as though neither party included the April 22, 2016 Order on Plaintiff's Amended Motion for Leave to File Amended Complaint Asserting Claim for Punitive Damages Against Brian Peters, though both parties rely on it. Nevertheless, the Court obtained the Order from the state court clerk.

[5] The AC alleged negligence against Peters (Count I), an uninsured motorist claim against State Farm (Count II), a bad faith claim against State Farm (Count III), and a count for punitive damages against Peters (Count IV). (Doc. 2).

Hawkinson states that the AC was deemed filed as of June 24, 2014 (Doc. 6 at 4), citing Exhibit C (Doc. 6-3) for support. The Court has reviewed Exhibit C and cannot find documentation stating the AC was deemed filed on that date.

In addition, State Farm argues that Hawkinson is mistaken, and the AC was deemed filed on June 22, 2016, citing Hawkinson's Exhibit C and the state court order. (Doc. 7 at 3 n.1). However, the Court cannot find documentation confirming June 22, 2016 as a date filed for the AC either. The court's order directs Hawkinson to file her amended complaint "upon entry of this order," and the file stamp shows the AC was filed on April 25, 2016, the date this Court shall use as the operative filing date for the AC.

The confusion outlined above is irrelevant to the Court's analysis here. Regardless of what date the AC is deemed filed, the case is due to be remanded.

3

Farm unsuccessfully moved to dismiss the bad faith claim, which was abated pursuant to a court order dated August 8, 2016. (Doc. 6-4).

On November 3, 2016, Hawkinson and State Farm signed a Stipulation for Entry of Final Judgment and Temporary Stay of Execution, granting Hawkinson compensatory damages, final judgment on her uninsured motorist claim against State Farm, and attorneys' fees and costs. (Doc. 6-5). The court entered Final Judgment on Hawkinson's uninsured motorist claim (Count II) November 18, 2016, thus resolving all matters related to Count II. (Doc. 6-6). State Farm appealed the Final Judgment to the First District Court of Appeal, and on March 8, 2018, that court affirmed coverage, granted Hawkinson attorneys' fees, and remanded that issue for resolution regarding the amount.[6] (Doc. 6-7). Hawkinson filed a motion to lift abatement of the bad faith claim in state court on March 9, 2018.[7] (Doc. 7-2 at 2). On April 5, 2018, State Farm removed the bad faith claim (Count III), invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1).

Hawkinson filed a motion to remand on April 30, 2018, arguing that removal is untimely, State Farm waived any right to remove, and piecemeal

---

[6] As of the date of the motion to remand, the issue of Hawkinson's appellate fees was unresolved. (Doc. 6 at 4).

[7] The state court did not rule on Hawkinson's motion to lift abatement before removal.

4

removal is impermissible. (Doc. 6). State Farm opposes the motion (Doc. 7), which is ripe for review.

**II.     LAW**

Removal is governed by 28 U.S.C. § 1441, which provides that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. at § 1441(a). As federal district courts are courts of limited jurisdiction, see Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1260–61 (11th Cir. 2000), a party seeking to invoke federal jurisdiction must demonstrate that the underlying claim is based upon either diversity jurisdiction, see 28 U.S.C. § 1332, or the existence of a federal question, see 28 U.S.C. § 1331.

Under the removal statute, the notice of removal must be filed "within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1). However, "if the case stated by the initial pleading is not removable," then a notice of removal may be filed within thirty days of the defendant's receipt "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has

5

become removable." Id. § 1446(b)(3). Where this latter method of removal is employed in a diversity case, the case may not be removed "more than 1 year after commencement of the action," unless the plaintiff acted in bad faith to prevent removal. Id. § 1446(c)(1).

A plaintiff may seek remand of a removed action based on two grounds: "(1) lack of subject matter jurisdiction; or (2) procedural defect in the removal of the case." Russell Corp. v. Am. Home Assur. Co., 264 F.3d 1040, 1043–44 (11th Cir. 2001); see 28 U.S.C. § 1447(c). Due to "significant federalism concerns arising in the context of federal removal jurisdiction," removal requirements and limitations are "strictly interpreted and enforced." Russell, 264 F.3d at 1049. "[A]mbiguities are generally construed against removal," and "uncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) (noting that the "[d]efendant's right to remove and [the] plaintiff's right to choose his forum are not on equal footing").

### III. ANALYSIS

Hawkinson argues that the action giving rise to the bad faith claim was initially filed in state court on November 19, 2013; State Farm was served on November 27, 2013. (Doc. 6 at 8). As a result, she contends that State Farm had

until November 27, 2014—one year after the commencement of the case—to file its notice of removal.[8]

State Farm contends that the "separate and independent action for statutory bad faith" commenced on the date it accrued (March 8, 2018), when the judgment in the underlying uninsured motorist action became final (Doc. 1; Doc. 7 at 13), as opposed to the date the original complaint (November 19, 2013) or AC alleging the bad faith claim (April 25, 2016) was filed. Using March 8, 2018 as the operative date for removal purposes, State Farm argues its notice of removal filed on April 5, 2018 was timely.[9] (Doc. 7 at 14).

Despite State Farm's arguments to the contrary, the Court agrees with Hawkinson—this case was not timely removed and remand is therefore required. The case was not initially removable because the parties were not diverse. And, because the case was not initially removable, it was subject to the one-year removability restriction. State Farm removed the case within thirty days of the state appellate court affirming the trial court's ruling on the uninsured motorist claim. However, this case was not removed within one year

---

[8] In fact, State Farm had until November 19, 2014—one year after the action was commenced, not when State Farm was served—to remove the case. See 28 U.S.C. § 1446(c)(1). This distinction, however, does not affect the Court's decision.

[9] While it is not clear from the briefs that Hawkinson's motion to lift the abatement has been granted, it does not matter, because the latest date State Farm could have removed was November 19, 2014.

7

of the commencement of the action. Strict construction of the removal statutes dictates that State Farm may not remove the case five years after its commencement. See Lee v. Allstate Indem. Co., No. 616CV1337ORL37GJK, 2016 WL 6246911, at *2 (M.D. Fla. Oct. 26, 2016) (remanding bad faith claim removed seven years after commencement of uninsured motorist action in state court).

Under Florida law, an action is deemed commenced when the complaint is filed. See Fla. R. Civ. P. 1.050 (stating that a civil action is commenced when the complaint is filed); see also Fed. R. Civ. P. 3 (same). Therefore, commencement happens when the complaint is filed, and amendment of the complaint adding a bad faith claim does not commence the action anew. Barroso v. Allstate Prop. & Cas. Ins. Co., 958 F. Supp. 2d 1346 (M.D. Fla. 2013); see Lee, 2016 WL 6246911, at *2 ("the amendment of a complaint does not reset the clock for removal purposes"); van Niekerk v. Allstate Ins. Co., No. 12–62368–CIV, 2013 WL 253693, at *2–4 (S.D. Fla. Jan. 23, 2013) (remanding on the ground that the amended bad faith claim was added nearly three years after the action was brought and stating that the addition of a party or claim is not the same as the "commencement of an action"); Franck v. State Farm Mut. Auto. Ins. Co., No. 6:11-CV-1422-ORL, 2011 WL 12657295, at *4 (M.D. Fla. Oct. 21, 2011) ("Plaintiff's bad faith claim based on diversity is not a separate and independent claim for removal purposes"); Moultrop v. GEICO Gen. Ins. Co., 858 F. Supp.

2d 1342, 1346–47 (S.D. Fla. 2012) ("[T]he addition of a new claim does not reset the one-year limitation period."); Daggett v. Am. Sec. Ins. Co., No. 2:08–cv–46–FtM–29DNF, 2008 WL 1776576, at *2–3 (M.D. Fla. Apr. 17, 2008) (addition of a bad faith claim "was a new claim" but "not a new civil action"). As Hawkinson states, the original complaint was filed in November 2013 in state court. State Farm did not file a notice of removal until April 2018. Under these circumstances, removal is well outside the one-year limitation imposed by § 1446(c) and is thus untimely.

In so finding, the Court is mindful that several judges in this District view the post-verdict accrual of a bad faith claim as the commencement of a new civil action which resets the removal clock. See Johnson v. State Farm Mut. Auto. Ins. Co., No. 6:15–cv–1942–Orl–31TBS, 2016 WL 277768, at *2 (M.D. Fla. Jan. 22, 2016); Thorne v. State Farm Mut. Auto. Ins. Co., No. 8:14–CV–827–T–17AEP, 2015 WL 809530, at *6 (M.D. Fla. Feb. 25, 2015); Lahey v. State Farm Mut. Auto. Ins. Co., No. 8:06–CV–1949–T27–TBM, 2007 WL 2029334, at *2 (M.D. Fla. July 2007). It is upon this line of cases that State Farm relies. However, like numerous other judges in this District, the undersigned finds that this interpretation is not in accord with the removal statute. See, e.g., Fla. Health Scis. Ctr., Inc. v. Gov't Employees Ins. Co., No. 8:17-CV-339-T-36AAS, 2017 WL 3720880, at *6 (M.D. Fla. Aug. 7, 2017); Fridman v. Safeco Ins. Co. of Illinois, No. 616CV2020ORL37KRS, 2017 WL 2222790, at *8 (M.D. Fla. May

9

22, 2017); Barroso, 958 F. Supp. 2d at 1346; Franck, 2011 WL 12657295, at *5; Daggett, 2008 WL 1776576, at *2–3. The removal statute states that the right of removal expires "1 year after commencement of the action." 28 U.S.C. § 1446(c)(1). Notably, Congress uses the word "action," not "claim." "Accordingly, by the statute's plain and unambiguous language, the right of removal expires one year after the commencement of a lawsuit." Washington v. Gov't Employees Ins. Co., No. 616CV1775ORL40KRS, 2017 WL 490541, at *2 (M.D. Fla. Feb. 7, 2017). Here, "there is no new action, only a new claim, and the two words are not synonymous." Id. (internal quotation marks omitted). The title of State Farm's removal notice, "Defendant's Notice of Removal of Plaintiff's Action for Statutory Bad Faith: Count III," (Doc. 1), confirms that State Farm is attempting to remove a claim ("Count III") not the action.

While the Eleventh Circuit has noted that an intra-district split exists on this issue, King v. Gov't Emps. Ins. Co., 579 F. App'x 796, 800 (11th Cir. 2014), it has not yet resolved the matter. As my colleague, Judge Dalton, has observed:

> The Court is mindful that this resolution creates a procedural conundrum for insurers, as a plaintiff can move to amend the complaint post-verdict to add a bad faith claim, knowing that a verdict will likely take more than one year to be rendered. That may be, but Congress placed limits on federal courts' jurisdiction to hear cases arising under state law as a matter of comity. While the one-year time limit may seem "arbitrary and unfair," such a limitation is "an inevitable feature of a court system of limited jurisdiction that strictly construes the right to remove."

> Russell Corp. v. Am. Home Assurance Co., 264 F.3d 1040, 1050 (11th Cir. 2001). In the end, the "plaintiff is still the master of his own claim." Burns, 31 F.3d at 1095. The crux of the procedural catch–22 rests with the Florida state courts, which apparently permits plaintiffs to amend the action for underinsured motorists benefits post-verdict instead of requiring the filing of a new action. That the post-verdict addition of a bad faith claim inserts a separate and distinct claim contrasted with the [uninsured motorist] claim is hardly debatable. However, unless and until Florida courts require the commencement of a new action or Congress acts to amend the removal statute, this Court can only apply § 1446 as drafted—imposing a one-year limitation that begins with commencement of the action—to the vagaries of state procedural practice prior to removal.

Barroso, 958 F. Supp. 2d at 1347. Under these circumstances, this Court, as a court of limited jurisdiction, must favor remand.[10] See Darragh, 2014 WL 4791993, at *4.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff Jennifer Ann Hawkinson's Motion to Remand (Doc. 6) is **GRANTED**.

2. This case is **REMANDED** to the Fourth Judicial Circuit Court, in and for Duval County, Florida.

---

[10] Because the Court finds that remand is appropriate based on Hawkinson's argument as to the untimeliness of removal, it need not address her arguments concerning waiver and piecemeal removal.

3. After remand has been effectuated, the Clerk shall terminate all pending deadlines and motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida the 23rd day of July, 2018.

TIMOTHY J. CORRIGAN
United States District Judge

sj
Copies:

Counsel of record